COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Haley
Argued at Chesapeake Virginia


GERALD RICKY DOUGHTY

MEMORANDUM OPINION[*] BY
v.        Record No. 0011-05-1        JUDGE ROBERT P. FRANK
OCTOBER 25, 2005

THE CAR STORE AND
 PENINSULA INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Daniel Hartnett (Ayers & Hartnett, P.C., on briefs), for appellant.

S. Vernon Priddy III (Sands Anderson Marks & Miller, on brief), for appellee.


Gerald Ricky Doughty, claimant, appeals the commission's opinion that found claimant's total disability ended on November 24, 2003.  He contends the medical evidence does not support such a finding.  For the reasons stated, we affirm the commission's opinion.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "There is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time.  To the contrary, a party seeking compensation bears the burden of proving his disability and the periods of that disability."  Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997) (citation omitted).  Like a finding of causation, the commission's determinations regarding the nature and duration of a claimant's disability also are findings of fact.  Thus, unless we can say

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On review, the full commission found claimant did not prove a continuing disability after November 24, 2003 concluding:

> In the last note we have from Dr. Bird, he specifically stated that the claimant was totally incapacitated from August 23, 2002, to November 24, 2003. He also did not check any of the boxes pertaining to release to work, as noted by the Deputy Commissioner, but we cannot ignore the fact that he expressly authorized total disability for a definite period of time ending November 24, 2003. Moreover, we have no treatment notes associated with the November 24, 2003, visit that would shed light on the claimant's current condition. Notably, before November 24, 2003, the claimant had not seen Dr. Bird since April 29, 2003, and had missed two appointments. We conclude that Dr. Bird's last note does not authorize disability beyond November 24, 2003, and there is no current medical evidence supporting a finding that the claimant continues to suffer from a totally incapacitating condition related to the accident.

Claimant contends the commission erred in not extending his disability past November 24, 2003. Conceding Dr. Bird opined his disability was from August 23, 2002, to November 24, 2003, claimant nevertheless maintains the doctor did not say the disability ended November 24, 2003. Relying on his own testimony, claimant argues Dr. Bird indicated follow-up appointments and continued treatment and that Dr. Bird did not, in the November 24, 2003 "Disability Certificate," return claimant to work. Essentially, claimant argues the commission misinterpreted Dr. Bird's certificate. This argument ignores our standard of review.

Here, the commission accepted Dr. Bird's statement that claimant's disability ended November 24, 2003. The commission rejected claimant's testimony that he was unable to work and that he was still being treated by Dr. Bird. The commission determined no medical evidence supported a finding that claimant was disabled beyond November 24, 2003.

Accordingly, based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proving causally related disability after November 24, 2003. We, therefore, affirm the commission's opinion.

Affirmed.